UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WILLIAM G. HUDSON,** *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-05-03297** |
| | § | |
| **BOARD OF REGENTS OF TEXAS** | § | |
| **SOUTHERN UNIVERSITY,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

MEMORANDUM AND ORDER

Pending before Court are Plaintiffs' Motion to Join Two Additional Parties and Proposed First Amended Complaint (Doc. # 23) ("motion to join two additional parties") and Plaintiffs' Motion for Leave to File a Reply to Defendants' Response to Plaintiffs' Motion for Leave to Amend (Doc. # 28) ("motion for leave to file a reply").  For the following reasons, both motions are **GRANTED**.

The Court turns first to Plaintiffs' motion for leave to file a reply.  Plaintiffs assert that they were not served with a copy of Defendants' response to their motion to join two additional parties, which Defendants timely filed with the Court on May 4, 2006.  Plaintiffs indicate that they first learned of Defendants' response during a telephone conversation with staff of Defendants' counsel, on June 1, 2006.  Plaintiffs filed their motion for leave to file a reply, along with their proposed reply, shortly thereafter, on June 8, 2006.[1]  Defendants have not contested

---

[1] Plaintiffs' motion for leave to file a reply is somewhat inconsistent.  After explaining that Plaintiffs' counsel did not recognize the need to file a reply because he had not received Defendants' response, the motion states that, "[w]hen, finally, Defendants' Response was received, counsel became aware for the first time that Plaintiffs needed to amend their complaint and join two additional parties because Defendants put forward many new, sophisticated legal arguments and new, complex factual matters."  Pls.' Mot. at 2.  This is illogical, as the response to which Plaintiffs seem to be referring is Defendants' response to Plaintiffs' motion to join two additional parties, which Plaintiffs had already filed on April 14, 2006.  In a footnote, Plaintiffs then refer to Defendants' Amended Answer as introducing the new legal and factual matters.  Pls.' Mot. at 2 n.1.  It appears that Plaintiffs' motion confuses Plaintiffs' reasons for filing their late reply in support of their motion to join two additional parties, with their

1

Plaintiffs' claim that they were not served with Defendants' response.  Plaintiffs appear to have acted expeditiously upon learning of Defendants' response, and Defendants will not be prejudiced by the filing of Plaintiffs' reply.  Accordingly, Plaintiffs' motion for leave to file a reply is **GRANTED**, and the Court will consider Plaintiffs' reply in its determination of their motion to join two additional parties.

With respect to the motion to join two additional parties, Defendants argue that the motion is untimely, and that Plaintiffs failed to provide an explanation for their delay.  As Defendants correctly assert, a scheduling order may be modified only upon a showing of good cause.  FED. R. CIV. P. 16(b).  In determining whether good causes exists for a motion to amend a pleading, a court should consider the following factors:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Although Plaintiffs failed to explain their untimeliness in their motion to join two additional parties, Plaintiffs' reply offers such an explanation, which is again based on a failure of service.  Here, Plaintiffs assert that Defendants failed to serve them with Defendants' First Amended Answer, which Defendants filed with the Court on February 13, 2006.  Plaintiffs claim that service of the First Amended Answer was made in a piecemeal fashion, and that Plaintiffs had not received the complete pleading until after March 28, 2006.  Plaintiffs contend that Defendants' First Amended Answer put forth a "very legally sophisticated and factually complex defense," which alerted Plaintiffs to the need to add Bobby Wilson, University Provost and Senior Vice President, and Willie Marshall, University Vice President of Student Services, as

---

reasons for filing the late motion to join two additional parties.  Despite this confusion, however, the Court finds that there is good cause to permit Plaintiffs to file their reply.

2

defendants.  Pls.' Reply at 4.  Plaintiffs urge that they will be unable to obtain complete relief without naming Wilson and Marshall as defendants in this action.  Defendants have not contested any of these claims.

Additionally, Plaintiffs point out that they filed their motion to add two additional parties only ten business days (thirteen days total) after the deadline for joining new parties, and that formal discovery had not yet commenced.  Accordingly, Plaintiffs argue that neither of the new parties, nor Defendants, will be prejudiced if Plaintiffs are permitted to file their amended complaint adding the two additional parties.  Aside from their conclusory statement that "the prejudice accruing to Wilson and Marshall from being added as individual-capacity defendants is obvious," Defendants have offered no explanation as to how Wilson and Marshall will be prejudiced by the thirteen-day delay in Plaintiffs' motion to join two additional parties.  Defs.' Resp. at 2.

Based on the foregoing arguments, the Court finds that there is good cause to permit Plaintiffs to join the additional parties after the deadline.  Plaintiffs' motion to add two additional parties is **GRANTED**, and Plaintiffs are permitted to file their First Amended Complaint.

The Court is concerned, however, by the multiple problems with service of documents, as set forth in Plaintiffs' motions.  While the Court cannot determine, from the filings before it, who is at fault for these difficulties, both parties are cautioned that they must diligently abide by the rules for service, as set forth in Federal Rule of Civil Procedure 5.  The parties are expected to timely serve each other with a complete copy of all filings they make with the Court, as well as regularly to check the docket activity in this case, particularly when responses or other filings should be anticipated.  Lack of familiarity with the Court's electronic filing system is not an excuse for failing to abide by deadlines.

Finally, the Court notes that neither of Plaintiffs' motions indicate that Plaintiffs conferred with Defendants, as required by Local Rule 7.1(D). Should Plaintiffs wish to file motions in the future, they must confer with Defendants as to whether Defendants oppose the motions, and they should include with the motions certificates of conference.

**IT IS SO ORDERED**.

**SIGNED** this 17th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**