UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM G. HUDSON, JUSTIN R. JORDAN, and OLIVER J. BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF REGENTS OF TEXAS SOUTHERN UNIVERSITY, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:05-CV-03297 |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Attorneys' Fees (Doc. No. 158). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiffs' Motion should be granted in part and denied in part.

I. BACKGROUND

Plaintiffs Hudson, Jordan, and Brown sued Texas Southern University ("TSU"), its Board of Regents, and various members of its administration and faculty, in relation to events that occurred on the TSU campus in 2006. Specifically, Plaintiffs alleged that TSU had violated 42 U.S.C. § 1983, the First, Fourth, and Fourteenth amendments, and Texas state law preventing false arrest, malicious prosecution, and retaliation. (Pls. Compl. ¶¶ 18-20.) The jury returned a favorable verdict on Plaintiffs Hudson and Brown's constitutional claims and awarded them $100,000 in compensatory damages. After the second phase of trial, the jury awarded Plaintiffs

Hudson and Brown an additional $200,000 in punitive damages for their constitutional claims.[1] Plaintiffs' counsel now seeks attorneys' fees pursuant to 42 U.S.C. § 1988.

## II. FEE AWARD

### A. Lodestar Calculation

Attorney Gilpin requests fees in the amount of $300 per hour for 455 adjusted hours with a 15% enhancement, and Attorney Roberson requests fees in the amount of $175 per hour for 120.5 adjusted hours with a 15% adjustment. Before submitting their records to the Court, Plaintiffs' attorneys reduced their hours worked by twenty-five percent to account for the time they spent working on their clients' state law claims. They reduced their hours worked by a further ten percent to avoid duplication. Gilpin therefore requests that he be reimbursed for 455 hours of work, and Roberson requests payment for 120.5 hours. Gilpin requests $156,975. Roberson requests $24,250.63. Gilpin and Roberson also request an additional $22,500 and $5000, respectively, as a contingent fee award in the event Defendants appeal. Defendants object to Plaintiffs' requests on a number of grounds.

The court determines the amount of attorneys fees to which a prevailing party is entitled through a two-step process. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000), *cert. denied*, 533 U.S. 929 (2001). First, the court calculates the "lodestar" by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate. *Id.* Second, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

#### 1) Reasonable Hourly Rate

---

[1] The total jury award, which included damages for Plaintiffs' state law claims, was $190,000 in compensatory damages and $350,000 in punitive damages. (Doc. Nos. 121 and 132.)

To determine a reasonable hourly rate, the court looks to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). To assist the court in its inquiry, the plaintiffs are required to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Islamic Center of Mississippi, Inc. v. City of Starkville*, 876 F.2d 469 (5th Cir. 1989) (abrogated on other grounds) (citing *Blum*, 465 U.S at 895 n. 11).

Plaintiffs submitted affidavits by two attorneys who practice in the Houston area and are familiar with the regional rates charged for civil rights litigation, David Lopez and Otto D. Hewitt. (Doc. No. 158, Ex. 5-6.) Both Lopez and Hewitt have many years of experience practicing employment and civil rights law in the Houston area. Lopez stated that, based on his personal knowledge, the prevailing rate for counsel in federal employment litigation cases ranges from $250 to $650 per hour. (Lopez Aff. at 3.) Mr. Hewitt states that the prevailing rate for representation in federal civil rights cases is $250 to $600 per hour. (Hewitt Aff. ¶ 16.) Both experts agreed that Attorney Robersons' proposed hourly rate of $175 was reasonable. The experts stated, however, that Attorney Gilpin's litigation experience justifies a higher rate than the proposed $300 per hour, which is the rate Gilpin typically charges. (Gilpin Aff. ¶ 15.) The Court therefore suggested, at hearing, that Gilpin reconsider his hourly rate. Attorney Gilpin then made an oral motion for a higher hourly rate. Defendants objected to any figure above $300 as being unreasonable.

"When the requested rate of compensation exceeds the attorney's usual charge but remains within the customary range in the community, the district court should consider whether the requested rate is reasonable ...." *Islamic Center of Mississippi*, 876 F.2d at 469 (internal

citations omitted). A survey of recent cases in the Southern District of Texas demonstrates that rates upwards of $300 per hour are customary in the civil rights context. *See, e.g., Prater v. Commerce Equities Management Company, Inc.*, No. H-07-cv-2349, 2008 WL 5140045, at *4 (S.D.Tex. Dec. 8, 2008) (acknowledging attorney's affidavit stating that, although he was requesting less in the instant case, he typically charged for $315-$350 per hour for employment litigation in Houston); *Pruett v. Harris County Bail Bond Board*, No. H-03-cv-3241, 2008 WL 5516562, at *3 (S.D.Tex. Nov. 13, 2008) (finding rate of $400 to 450 an hour to be reasonable in civil rights case challenging constitutionality of state statute); *Lee v. Dollar Tree Stores, Inc.*, No. H-07-cv-0955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (awarding $380 per hour in employment discrimination case); *Firth v. Don McGill of West Houston, Ltd.*, No. H-04-cv-0659, 2006 WL 846377, at *6 (S.D.Tex. Mar. 28, 2006) (awarding $355 per hour in employment case). Given Mr. Gilpin's decades of litigation experience and his expertise in trying federal civil rights cases, the Court considers it reasonable to calculate his hourly rate at $350 per hour.

### 2) Reasonable Hours Expended

The affidavits submitted to the Court indicate that Gilpin spent a total of 611 hours preparing the case for trial and Roberson spent 162 hours. In determining the reasonable number of hours for which to award fees, the court must determine "whether the attorneys demonstrated adequate billing judgment by '[w]riting off unproductive, excessive, or redundant hours.'" *Jones v. White*, No. H-03-cv-2286, 2007 WL 2427976, at *2 (S.D.Tex. Aug. 22, 2007) (citing *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)). In the instant case, Plaintiffs' counsel have reduce their number of hours worked by twenty-five percent to account for the time spent on Plaintiffs' state law claims. They have reduced their hours by a further ten

percent to account for duplication. Defendants argue that a further reduction of hours is necessary.

First, Defendants request that the Court reduce Plaintiffs' counsels' fees because their time records were allegedly not maintained contemporaneously. Attorney Gilpin submitted an affidavit to the contrary, however, (Gilpin Aff. ¶ 16), and at hearing he confirmed, for the Court, that he maintained his records contemporaneously, although he did so by hand. The Court will therefore not reduce the award on these grounds.

Second, Defendants argue that Plaintiffs' fees should be reduced because they are duplicative. Plaintiffs have already reduced the lodestar by ten percent, however, to account for any duplication. Defendants do not point out any specific time entries that they considered duplicative; instead, they note that Roberson's work was largely duplicative of Gilpin. The Court will not further reduce Plaintiffs' award on these grounds.

Third, Defendants contend that Plaintiffs' calculation of fees should be further reduced to account for time counsel spent preparing the state law claims. Defendants take the position that Plaintiffs' counsel should not be compensated for any time entries that refer to conversations with state officials, such as the Harris County District Attorney or Sheriff, and further ask that the overall reward be reduced by fifty percent.

The Supreme Court has recognized the difficulty in calculating fees in cases involving multiple plaintiffs bringing multiple claims based on a common core of facts and related legal theories. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Other circuits have applied *Hensley* when attempting to divide federal and state

claims. In *Wagenmann v. Adams*, 829 F.2d 196 (1st Cir. 1987), the First Circuit upheld the district court's decision to award attorney's fees to counsel who had successfully litigated a federal civil rights claim without reducing the reward for time spent on state claims. The *Wagenmman* court found that the claims originated from "a short, visibly linked series of events" and that the claims were so factually related as to make separate treatment inappropriate. The claims in the instant case also rose out a series of connected events surrounding Plaintiffs' protests and subsequent disciplinary proceedings at TSU. As such, the Court does not find that a further reduction of the hours of Plaintiffs' counsel is necessary to account for time spent on the state law claims.

Defendants next argue that Plaintiffs should only recover for part of their work on Defendants' Motion for Summary Judgment, because it was granted in part and denied in part. Defendants request that counsels' fees for their work responding to the Motion should be reduced by at least fifty percent. The reasoning of the *Hensley* court is also applicable in this context. Given that Plaintiffs were partially successful in defeating the summary judgment motion, and that their claims later proved meritorious in front of the jury, it would be to difficult for the court to parse the time spent on the successful claims versus the time spent on the failed claims. Similarly, the Court will not reduce the reward to account for time Plaintiffs' counsel spent on Plaintiff Jordan's claims.

### B. Enhancement of Lodestar

Finally, Defendants oppose Plaintiffs' requested 15% enhancement of the lodestar. The Supreme Court has held that there is a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens'*

*Council for Clean Air*, 478 U.S. 546, 565 (1986)). This strong presumption can only be rebutted in "rare" and "exceptional cases" where the fee applicant has shown that, without an upward adjustment of the lodestar amount, the fee would be unreasonable. *Id.* (internal citations omitted). These rare and exceptional cases must be supported by both specific evidence on the record and by detailed findings. *Id.* Gilpin has not made such a showing to justify an upward departure in this case. His request for an upward adjustment is denied.

### III. CONCLUSION

Plaintiffs' Motion for Attorneys' Fees is hereby **GRANTED**. Gilpin is awarded a total of $159,250, which reflects 455 hours expended at a rate of $350 per hour. Roberson is awarded $21,087.50, which reflects 120.5 hours expended at a rate of $175 per hour. Additional awards following an appeal will be determined after such appeal is resolved.

**IT IS SO ORDERED.**

**SIGNED** this 10th day of March, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT