UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM G. HUDSON, JUSTIN R.<br>JORDAN, and OLIVER J. BROWN,<br><br>   Plaintiffs,<br><br>v.<br><br>BOARD OF REGENTS OF TEXAS<br>SOUTHERN UNIVERSITY, ET AL.,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:05-CV-03297 |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for a New Trial (Doc. No. 193). After

considering the parties' filings, all responses and replies thereto, and the applicable law, the

Court finds that Defendants' Motion should be **DENIED**.

### I.  BACKGROUND

Plaintiffs Jordan, Hudson, and Brown sued Texas Southern University ("TSU"), its Board

of Regents, and various faculty members in relation to events that occurred on the TSU campus

in 2006. Specifically, Plaintiffs alleged that TSU violated 42 U.S.C. § 1983, the First, Fourth,

and Fourteenth Amendments, and Texas state law preventing false arrest, malicious prosecution,

and retaliation. In July 2008, the Court held a jury trial to resolve Plaintiffs' claims. After eight

days of trial, the Court gave the jury the following charge with respect to Plaintiffs'

constitutional claims:

> In order for Plaintiff(s) to prevail on a First Amendment retaliation claim, they must
> prove that (1) Plaintiff(s) were engaged in activity protected under the First Amendment;
> (2) in retaliation for such protected activity, the Defendant(s) subjected Plaintiff(s) to
> disciplinary action; (3) the First Amendment protected activities of the Plaintiffs were a

substantial and motivating factor in the disciplinary action taken by the Defendant(s); and (4) the Defendant(s)' acts were the proximate cause of the Plaintiff(s)' damages.

To prove a retaliation claim cognizable under the First Amendment, the plaintiff must show that his speech was constitutionally protected and that it was a "substantial" or "motivating" factor in the defendant's decision. If this burden is discharged, the burden of proof then shifts to the defendant to show that the same decision would have been made even in the absence of the protected speech.

(Doc. No. 119, Inst. No. 2.) The verdict form included a corresponding interrogatory, which asked:

Did any of the Defendants violate Plaintiff 's First Amendment rights in retaliation for protected constitutional activity?

(Doc. No. 119, Interrog. No. 1-3.) The jury returned a verdict for Plaintiffs and awarded them $190,000 in compensatory damages. (Doc. No. 121.) The jury then returned to hear evidence on punitive damages, and awarded Plaintiffs a further $350,000. (Doc. No. 132.) Defendants now move for a new trial, arguing that the Court's jury charge, and the corresponding interrogatory, did not comply with the *Mt. Healthy* test. In the alternative, Defendants ask that the Court reduce Plaintiff Hudson's damage award, claiming that he received multiple recoveries for a single injury.

## II.    THE *MT. HEALTHY* TEST

In *Mt. Healthy City School Dist. Bd. of Ed. V. Doyle*, 429 U.S. 274 (1997), the Supreme Court held that, in order for a teacher to prove that a public school failed to rehire him in retaliation for exercising his constitutional right to free speech, he had to demonstrate that his conduct was constitutionally protected and that his conduct was a "substantial and motivating factor" in the decision not to rehire him. The burden then shifted to the defendant to demonstrate, by a preponderance of evidence, that it would have reached the same decision as to the plaintiff's re-employment even in the absence of protected conduct. *Id.* at 287. The Fifth

Circuit has applied the *Mt. Healthy* test in other contexts, namely to determine if alleged constitutional violations were caused by "mixed motives." *See North Mississippi Communications v. Jones,* 874 F.2d 1064, 1068 (5th Cir. 1989). Defendants now move for a new trial, pursuant to FED. R. CIV. P. 59, arguing that the Court's interrogatories and instructions did not require the jury to consider the final prong of the test.

The threshold issue is whether *Mt. Healthy* applies in the context of student discipline. Neither the Supreme Court nor the Fifth Circuit has so held. There is a respectable argument to be made that students who have been disciplined should not be subjected to as rigorous an evidentiary standard as the teacher in *Mt. Healthy* who was seeking tenure. As the Supreme Court there noted, "The long-term consequences of an award of tenure are of great moment both to the employee and the employer." 429 U.S. at 286. The consequences to Defendants in this instance seem of a different magnitude. Plaintiffs are not asking for a long-term position with the University or with any of the individual Defendants. Indeed, the consequences of the challenged actions generally seem far more significant for Plaintiffs than Defendants, particularly insofar as they led to criminal and student disciplinary charges against Plaintiffs which—Defendants maintain—should be a permanent part of Plaintiffs' records.[1] Further, students typically possess fewer resources and less legal sophistication than those who have been plaintiffs in the *Mt. Healthy* line of decisions. Nonetheless, for purposes of Defendants' Motion for New Trial, the Court will assume the applicability of *Mt. Healthy*.

### 1.  The *Mt. Healthy* Interrogatory

Defendants argue that the interrogatory the jury answered did not require it to consider Defendants' *Mt. Healthy* defense, that Plaintiffs would have been disciplined even in the absence of their protected conduct. Defendants base their argument on the leading Fifth Circuit case,

---

[1] Defendants will not voluntarily expunge Plaintiffs' scholastic records.

*Solis v. Rio Grande City Independent School*, 734 F.2d 243 (5th Cir. 1984), and the later case of

*Grace v. Board of Trustees for State Colleges and Universities, et al.*, 8 F.3d 23 (5th Cir. 1993)

(not designated for publication). In *Solis*, the trial court properly instructed the jury as to the *Mt.*

*Healthy* test, but it supplied the jury with the following interrogatory:

> Did you find from a preponderance of the evidence that the political activities of any of
> the plaintiffs was [sic] a substantial and motivating factor in the decision of any of the
> defendants, acting alone or conspiring together with one or more of the other defendants,
> not to hire the plaintiffs?

*Solis*, 734 F.2d at 246. On appeal, the Fifth Circuit held that this interrogatory did not allow the

jury to consider the second prong of the *Mt. Healthy* test, which constituted reversible error. *Id.*

at 248. The Court further held that, under any reading, the question did not encompass the

second inquiry of *Mt. Healthy*, and that the trial court's attempt at an explanatory instruction did

not cure the error. *Id.* at 249.

The trial court in *Grace* submitted a similarly flawed interrogatory to the jury, which

read:

> Do you find that prosecution of a lawsuit by plaintiff Potts in state court against
> Northeast Louisiana University was a substantial or motivating factor in the decision of
> any defendant to levy a de facto demotion upon plaintiff James Potts?

Grace, 8 F.3d at *7. The trial court had properly instructed the jury on the *Mt. Healthy* test;

however, the Fifth Circuit upheld its decision to grant a new trial because the interrogatory did

not require the jury to consider whether the plaintiff would have been demoted in the absence of

his protected activity.

In *Solis*, the Fifth Circuit distinguished its holding from the earlier case of *Bueno v. City*

*of Donna*, 714 F.2d 484, 490 (5th Cir. 1983). The *Bueno* trial court instructed the jury that:

"you have to be satisfied that there was, in fact, a cause, that the plaintiffs were caused to either

resign or give up their positions or were discharged or fired because of these political activities."

- 4 -

It then submitted interrogatories to the jury which asked them if the plaintiffs had been fired "because of their political activities." The Fifth Circuit acknowledged that both the trial court's instruction and interrogatory failed to follow "the exact language of *Mt. Healthy*"; however, it held that the inquiry should be "whether the jury was misled in any way and whether it had a correct understanding of the issues." *Id.* at 490-491 (citing *Pryor v. Gulf Oil Corp.*, 704 F.2d 1364, 1373 (5th Cir. 1983)). The Court of Appeals explained its decision to uphold the interrogatory:

> Implicit in the jury's consideration of whether the plaintiffs were fired for political reasons was a consideration of whether they were fired for other reasons. In essence, therefore, the court's charge left room for a defense claim of another, legitimate ground for discharge, and as such, would have satisfied the second prong of the *Mt. Healthy* standard. The jury's answer to the instruction, however, leaves no such room.

*Id.* at 491. The Court went on to explain that the trial court's charge actually put a heavier burden on the plaintiff than *Mt. Healthy* requires, because the jury had to find that the improper motive was the sole reason for the discharge. By answering the stricter interrogatory in the affirmative, the jury found that the plaintiff had met this higher burden. Similarly, in *Kemp v. Ervin*, distinguished in *Grace*, the trial court posed the following interrogatory to the jury:

> "Was the plaintiff's removal as Coordinator of the English component in violation of her free speech rights under the First Amendment?"

651 F.Supp. 495, 502 (5th Cir. 1986). The trial court denied the defendant's motion for a new trial, holding that the interrogatory was framed in such a way that it required the jury to determine the second and third prong of the *Mt. Healthy* test. *Id.* at 502-503.

The Court finds that, like the interrogatories presented to the juries in *Bueno* and *Kemp*, the question posed required the jury to fully consider the *Mt. Healthy* test. By asking if Defendants "violated Plaintiffs' First Amendment rights in retaliation for protected constitutional activity," the interrogatory "foreclosed any other motivating factor than the illegal one." *Bueno*,

714 F.2d at 491.  As in *Bueno*, the Court's inquiry required Plaintiffs to meet a *higher* burden

than *Mt. Healthy* requires.  By answering in the affirmative, the jury found that Plaintiffs met

that burden.

Further confirmation of this holding is found in the original rationale of *Mt. Healthy*.

Justice Rehnquist, writing for the unanimous Court, noted:

> A rule of causation which focuses solely on whether protected conduct played a part,
> "substantial" or otherwise, in a decision not to rehire, could place an employee in a better
> position as a result of the exercise of constitutionally protected conduct than he would
> have occupied had he done nothing.

429 U.S. at 285.  The question posed to the jurors in this case did not allow any room for such a

rule of causation.  The jury was asked to decide whether the violations at issue were "in

retaliation for protected constitutional activity."  In other words, the jury's verdict meant that

Plaintiffs would not have had their rights violated *but for* their protected constitutional activity.

## 2.  The *Mt. Healthy* Instruction

Defendants also move for a new trial on the grounds that the Court's jury instructions on

*Mt. Healthy* were incomplete.  Defendants base their argument on the omission of the following

sentence at the end of the instruction:

> If you find that the defendant(s) would [have disciplined] the plaintiff for reason apart
> from the speech activity, then your verdict should be for the defendant(s).

(Doc. No. 193 at 3).  Defendants argue that the Fifth Circuit case of *Brady v. Fort Bend County*,

145 F.3d 691 (5th Cir. 1998) requires such language in a *Mt. Healthy* instruction.  The Court

does not read *Brady* to require this specific language—the *Brady* Court found that an instruction

which included this sentence "accurately reflects" the *Mt. Healthy* holding.  *Brady*, 145 F.3d at

711.  This language is not required, however, to clearly explain the test—the *Mt. Healthy*

decision itself does not contain such a sentence, and Defendants do not argue that the omission

somehow confused or misled the jury.[2]   In fact, the omission of the language in this case was harmless error.  The jury's affirmative answer to the Court's interrogatory demonstrates that they did not find that Defendants would have disciplined Plaintiffs absent their protected activity; therefore, the jury never reached the issue of whether Defendants should prevail in such a situation.

## III.   PLAINTIFF HUDSON'S DAMAGE AWARD

Defendants also request a new trial on the grounds that the jury awarded Plaintiff Hudson duplicative damages.  Because Hudson claimed he suffered mental anguish, Defendants argue that he should recover only on either his First Amendment or state law claims.  Defendants make this argument for the first time in their Motion for New Trial.

Defendants cite *Tompkins v. Cyr*, 202 F.3d 770 (5th Cir. 2000), in which the Fifth Circuit held that a damages award was duplicative.  The Court of Appeals characterized the defendant's argument as "essentially objections to the jury instructions." *Tompkins*, 202 F.3d at 784.   As in the instant case, the defendants failed to object to the charge.  Because the defendants failed to properly preserve their objection, the Fifth Circuit reviewed the trial court's instructions for plain error. *Id.*  The Court of Appeals held that the special verdict form was an incorrect statement of the law because it did not contain an instruction that the plaintiff was not entitled to recover twice for the same injury.  Plaintiffs point out that, in this case, the jury was properly instructed that Plaintiffs could recover only once for a single injury.  (Doc. No. 119, Inst. No. 8.)  During the charge conference, Defendants failed to object to this instruction, or to the special verdict form, as likely to lead to duplicative damages.  (Trial Tr., vol. 8, 236-237, July 30, 2008.)  As the

---

[2] The Court recognizes that the Fifth Circuit Pattern Jury Instructions contain the omitted sentence.  Jury instructions are illustrative and advisory only.  FIFTH CIRCUIT PATTERN INSTRUCTIONS – CIVIL v (Thomson West 2006).

instruction was not an obviously incorrect statement of the law, the Court will deny Defendants' Motion.

## IV.   CONCLUSION

The Court has carefully considered Defendants' Motion for a New Trial as it has each of Defendants' arguments before, during, and after trial.  The Court is sensitive to the fact that the damages awarded are significant, especially during a period of severe economic duress.  Still, the evidence demonstrated that considerable harm had been caused Plaintiffs by Defendants.  The evidence also demonstrated considerable animus toward Plaintiffs by Defendants, because they were outspoken and, quite possibly, because their political sympathies were Republican.  Because the evidence was strong, and because our judicial system continues to adhere to the Seventh Amendment mandate that cases be decided by juries and not judges, the jury's verdict in this case should not be disturbed.  For the reasons stated above, Defendants' Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this _____ day of April, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT